IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Susan V. Smith, #221487, | ) C/A No. 0:09-3070-JFA-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden C.T. Kendall, | ) |
| Respondent. | ) |

The petitioner, Susan V. Smith ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254. This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is an inmate at Leath Correctional Institution, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner is serving sentences for two murder convictions entered on a jury verdict in Union County, South Carolina in 1995. According to the answers provided by Petitioner to the questions on the petition form she used, neither a direct appeal nor a post-conviction relief ("PCR") application was pursued in state court relating to the two murder convictions. As a result, this Petition was filed prematurely since Petitioner's state court remedies have yet to be exhausted.

**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214. This review has been conducted in light of the following precedents: Ashcroft v. Iqbal, 129

S. Ct. 1937 (2009); Denton v. Hernandez, 504 U.S. 25 (1992); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

The Petition has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the petition "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so;

---

[1] Screening pursuant to § 1915A is subject to this standard as well.

however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009).[2]

## DISCUSSION

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because the face of the Petition shows that Petitioner has not exhausted her state remedies as required by 28 U.S.C. § 2254(b). With respect to her 1995 state convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, both of which require that Petitioner first fully exhaust her state court remedies. See 28 U.S.C. § 2254(b); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); Picard v. Connor, 404 U.S. 270 (1971); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required

---

[2]Although the Iqbal Court was addressing pleading standards in the procedural context of a Rule 12(b)(6) motion, the court finds that those standards also apply in the court's initial screening of a petition pursuant to § 1915(e)(2), since Iqbal discusses the general pleading standards of Rule 8, which apply in all civil actions. Iqbal, 129 S. Ct. at 1949-51. Moreover, § 1915(e)(2) permits sua sponte dismissal of a petition that fails to state a claim upon which relief can be granted, which is essentially the same standard found in Rule 12(b)(6). See McLean v. United States, 566 F.3d 391, 396 (4th Cir. 2009) ("When the word 'dismissed' is coupled with the words '[for] fail[ure] to state a claim upon which relief may be granted,' the complete phrase has a well-established legal meaning.").

*PJG*

under 28 U.S.C. § 2241). The exhaustion requirement "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." Fain v. Duff, 488 F.2d 218, 224 (5th Cir. 1973) (citing Braden). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B) (i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c).

The exhaustion doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. See Picard v. Connor, 404 U.S. at 276. However, as noted above, it does not appear from the allegations contained in the Petition that

Petitioner filed a direct appeal from her convictions and sentences to the South Carolina state appellate courts. Nor does it appear that she filed a PCR application directed to her convictions in the state circuit court. As a result, the numerous grounds for habeas relief ostensibly raised in the Petition filed in this case have not yet been considered and addressed by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10 et seq., is a viable state-court remedy. Miller v. Harvey, 566 F.2d 879, 880-81 (4th Cir. 1977); Patterson v. Leeke, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). Here, Petitioner may be able to receive belated direct appellate review of her convictions if a PCR court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. See, e.g., Sumpter v. State, 312 S.C. 221, 439 S.E.2d 842 (1994); Sims v. State, 313 S.C. 420, 438 S.E.2d 253 (1993); Gossett v. State, 300 S.C. 473, 388 S.E.2d 804, 805-07 (1990); Davis v. State, 288 S.C. 290, 342 S.E.2d 60 (1986); White v. State, 263 S.C. 110, 208 S.E.2d 35 (1974). To seek a belated appeal, Petitioner must file a PCR application in the Court of Common Pleas.

If Petitioner files a PCR application and it is denied, she *must* then properly seek state appellate review of that PCR denial under applicable state law before she can be said

to have exhausted her available state remedies.[3] Such review must be properly sought and completed by a state prisoner or else federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the PCR application will be barred by a procedural default. See Whitley v. Bair, 802 F.2d 1487, 1500 n. 27 (4th Cir. 1986); Mason v. Procunier, 748 F.2d 852, 853-54 (4th Cir. 1984); Strader v. Allsbrook, 656 F.2d 67, 68 (4th Cir. 1981). Since it is clear from the face of the pleadings in this case that Petitioner has potentially viable state court remedies which have not been fully utilized, this court should not keep this case on its docket while Petitioner is exhausting her state remedies. See Galloway v. Stephenson, 510 F. Supp. 840, 846 (M.D. N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition.").

## RECOMMENDATION

Petitioner has not exhausted her state court remedies as required by 28 U.S.C. § 2254(b). Accordingly, the court recommends that the Petition for a Writ of Habeas Corpus in this case be dismissed without prejudice and without issuance and service of process upon Respondent. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims

---

[3]The court notes that after filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust his state court remedies under § 2254. See State v. McKennedy, 559 S.E.2d 850, 854 (S.C. 2002) (after review of a conviction by the Court of Appeals, no need to go through another petition for writ of certiorari to state supreme court under SCACR 226 to fully exhaust state remedies in federal habeas actions); see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, 471 S. E. 2d 454 (S.C. 1990) (same; rule applies in both criminal appeals and post-conviction relief cases).

are either barred from review or without merit); <u>Allen v. Perini</u>, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

                                                  _____
                                                  Paige J. Gossett
                                                  UNITED STATES MAGISTRATE JUDGE

December 17, 2009
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that she may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).