IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Susan V. Smith, | ) | C/A No.: 0:09-3070-JFA-PJG |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | O R D E R |
| | ) | |
| Warden C.T. Kendall, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Susan V. Smith, initiated this action pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of trial counsel relating to her 1995 state court convictions for murder.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this action should be dismissed without prejudice because the petitioner has failed to exhaust her state court remedies. Specifically, the petitioner has not exhausted her state remedies either through a direct appeal of her convictions or through an Application for Post Conviction Relief.

The petitioner was advised of her right to file objections to the Report and Recommendation, which was entered on the docket on December 17, 2009. Petitioner responded to the Report noting that she accepted the Report.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

After a careful review of the record, the applicable law, the Report and Recommendation, and the petitioner's acceptance of the Report, the court finds the Magistrate Judge's recommendation to be proper and the Report is incorporated herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

On December 1, 2009, the Rules governing Section 2254 and 2255 cases in the United States District Courts were amended to require that the district court issue or deny a certificate of appealability when a final ruling on a habeas petition is issued. See Rule 11(a) of the Rules governing 28 U.S.C. § 2254 and 2255. The court has reviewed its order and pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 cases, declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong)(citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

IT IS SO ORDERED.

January 20, 2010  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge